McKinney, J.
delivered the opinion of the court.
This suit was commenced by warrant before a justice of the peace of Smith county. In the warrant, as it stood originally, the defendant Jamison was summoned “to answer the complaint of Young B. Jones, receiver of the accounts of Gideon B. Wray and William Price, partners in trade.”
The plaintiff recovered judgment for thirty-eight dollars and twenty cents, and costs of suit: from which judgment the defendant prosecuted an appeal to the circuit court.
In the circuit court, at the first term after the appeal, a motion was made, on behalf of the plaintiff, to amend the warrant by striking out the words “Young B. Jones, receiver of the accounts of,” which motion was allowed, and the amendment made.
At a subsequent term of the court, a trial was had in the names of Wray and Price against the defendant, upon the merits; and the jury, under the instructions of the court, found a verdict in favor of the defendant, and the *187 court having refused to grant a new trial, Wray and Price appealed in error to this court.
The record contains a bill of exceptions setting forth the evidence adduced on the trial, and likewise the charge of the court; which charge, it is alleged by the plaintiffs in error, is erroneous in various respects. Whether this be so or not, it is wholly immaterial to enquire, as, in our opinion, the question made upon the effect of the amendment of the warrant, is decisive of the case.
It need scarcely be stated, as an indispensable requisite in every suit, that there must be proper parties: a plaintiff and defendant. In this case, as the warrant originally issued, Young B. Jones was the sole and proper plaintiff. He alone had the legal right to maintain a suit for the recovery of the debt due from the defendant; and the statement in the warrant of the character in which he sued, namely, as receiver of the accounts of Wray and Price, was merely descriplio persones. Wray and Price were no parties to the suit, and could not have been made parties; because the necessary effect of the delivery of the account sued for in this case, to Jones, as receiver under the appointment of a court of chancery, was to vest him, in that character, with such an interest in the debt to be recovered, as that he alone would be entitled to sue therefor; and, consequently, to divest Wray and Price of the right to maintain any suit for the recovery of the same. Hence it results, that upon the name of Jones being struck out of the warrant, there was left no party plaintiff to further prosecute the suit; and, of necessity, the case was at an end.
The amendment did not propose to substitute Wray and Price as plaintiffs in the stead of Jones; nor could this have *188 been done, because it would have been making a new plaintiff, which is not allowable by any of our statutes of amendment: and even if it were, Wray and Price, having been divested of the legal interest in the chose' in action sued for, could not have been so substituted.
In this view of the case, the judgment of the circuit court must be affirmed.